## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## BENTON DIVISION

| | |
|---|---|
| YOLANDA TAYLOR, | ) |
| | ) |
| Plaintiff, | )   Case: 3:23-cv-01933 |
| | ) |
| v. | ) |
| | ) |
| PETERSEN HEALTH OPERATIONS, | ) |
| LLC, d/b/a BENTON REHABILITATION | )   Jury Trial Demanded |
| AND HEALTH CARE CENTER, | ) |
| | ) |
| Defendant. | |

## COMPLAINT

**NOW COMES** Plaintiff, Yolanda Taylor ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Petersen Health Operations, LLC d/b/a Benton Rehabilitation and Health Care Center ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under §1981 and Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Southern District of Illinois, Benton Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff resided in Jefferson County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant was a corporation doing business in and for Franklin County, Illinois, whose address is 1409 West Main Street, Benton, IL 62812.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a certified nursing assistant from September 7, 2022 until her unlawful termination on November 28, 2022, on the basis of her race, African American.

13. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

14. Plaintiff is African American and is a member of a protected class because of her race.

15. Since at least September 7, 2022 through November 28, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of race, violating Title VII and §1981.

16. Immediately following Plaintiff's hire, one of Defendant's residents, Margaret Hayes (Caucasian/white) told Plaintiff in the presence of administrator Mary Scharlemann, "I guess they're going to fill this place with ni**ers."

17. Plaintiff was immediately distraught as a result of being called a racial slur by a resident in the presence of Plaintiff's superior.

18. Defendant was on notice of Plaintiff being subjected to racial harassment by virtue of the administrator being present; however, Ms. Scharlemann ignored the remark and failed to take any remedial action on Plaintiff's behalf.

19. Defendant is subject to liability for the race-based discrimination and harassment perpetrated by third party non-employee residents when it knew or should have known about the harassment and failed to take prompt and appropriate action.

20. In or around September 2022, Plaintiff's coworker, Kimberly Jensen (Caucasian/white) told Ms. Scharlemann that, "One of the resident's husbands said they don't want ni**ers taking care of his wife."

21. During that same time period, another coworker, Jessica Reiman (Caucasian/white)

referred to Plaintiff and other employees as, "a bunch of animals."

22. Plaintiff continued to be subjected to race-based discrimination and harassment throughout the duration of her employment with Defendant.

23. In or around October 2022, Plaintiff, unable to endure the race-based discrimination and harassment alone, engaged in a protected activity and reported the unlawful conduct to Administrator Mary.

24. Plaintiff made several complaints concerning the race-based discrimination and harassment but Ms. Scharlemann would waive off Plaintiff's concerns, telling her, "It's okay, just ignore it."

25. During that same month, Ms. Reiman told corporate representatives in front of Plaintiff and another employee, "If you don't fire these ni**ers, I'm not staying here and I'm going to quit."

26. Plaintiff, again severely distraught and feeling unsafe at work, reported Ms. Reiman to Ms. Scharlemann.

27. Plaintiff's concerns were again dismissed and ignored.

28. Upon information and belief, Defendant failed to investigate Plaintiff's complaints of race-based discrimination/harassment or take remedial action to prevent further discrimination/harassment.

29. Other similarly situated employees outside of Plaintiff's protected class (non-African American individuals) were not subjected to the same discrimination and harassment.

30. In or around November 2022, Plaintiff made another report to Ms. Scharlemann regarding Caucasian/white residents ignoring African American employees and Caucasian/white coworkers ignoring African American employees and physically throwing objects at African

American employees.

31.     Again, Defendant failed to act on Plaintiff's reports of discrimination, harassment, and now physical violence on the basis of her race, African American.

32.     On or around November 28, 2022, Plaintiff's employment was terminated.

33.     The reason given by Defendant for Plaintiff's termination was that she had allegedly failed to carry out a task on the nursing floor, despite the fact that she was no longer assigned to perform said task.

34.     Ultimately, Plaintiff was targeted for termination on account of her race, African American, and the numerous reports of discrimination and harassment she made against Defendant's agents and third party non-employee residents.

35.     Plaintiff was retaliated against and her employment was terminated for opposing unlawful discrimination and for exercising her protected rights.

36.     Plaintiff reported the race-based harassment to Defendant.

37.     Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

38.     There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to.

39.     Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

**COUNT I**
**Violation of 42 U.S.C. §1981**
**(Race-Based Discrimination)**

40.     Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

41. Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42. Defendant's conduct against Plaintiff's race (African American) amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

43. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

44. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

45. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Discrimination)**

46. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

47. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

48. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race, African American.

49. Plaintiff met or exceeded performance expectations.

50. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

51. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

52. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

53. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Harassment)

54. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

55. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

56. Defendant knew or should have known of the harassment.

57. The race-based harassment was severe or pervasive.

58. The race-based harassment was offensive subjectively and objectively.

59. The race-based harassment was unwelcomed.

60. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* due to Plaintiff's race, African-American.

61. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

62. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

63. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

64. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.* on the basis of race (African American).

65. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race discrimination and/or race-based harassment.

66. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

67. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race discrimination or harassment.

68. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

69. Plaintiff's suffered adverse employment action in retaliation for engaging in protected activity.

70. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

71. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

72. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

 a. Back pay with interest;

 b. Payment of interest on all back pay recoverable;

 c. Compensatory and punitive damages;

 d. Reasonable attorneys' fees and costs;

 e. Award pre-judgment interest if applicable; and

 f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Dated this 6th day of June, 2023.

>  /s/ *Alexander J. Taylor*
>  **Alexander J. Taylor, Esq.**
>  SULAIMAN LAW GROUP LTD.
>  2500 S. Highland Avenue, Suite 200
>  Lombard, Illinois 60148
>  Phone (630) 272-1942
>  Fax (630) 575 - 8188
>  E-mail: ataylor@sulaimanlaw.com
>  *Attorney for Plaintiff*